UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X        07-CV-6108
FASHION WORLD, LTD.,

                                  **Plaintiff,**

        -against-

JEFF GREEN, ZIARI INTERNATIONAL, LTD.,
US MERCHANTS FINANCIAL GROUP, INC.,
THE MERCHANT OF TENNIS, INC., LISA
NUNZIATA and METAMORPHISIS, INC.,

                                  **Defendants.**

-------------------------------------------------------------X

### DEFENDANTS' MEMORANDUM OF LAW
### IN OPPOSITION TO PLAINTIFF'S MOTION FOR
### A PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY

                                            **HELLER, HOROWITZ & FEIT, P.C.**
                                            292 Madison Avenue
                                            New York, New York 10017
                                            (212) 685-7600
                                            *Attorneys for Defendants*

*Of Counsel:*
Richard F. Horowitz
Stuart A. Blander

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X          07-CV-6108
FASHION WORLD, LTD.,

                                   Plaintiff,

          -against-

JEFF GREEN, ZIARI INTERNATIONAL, LTD.,
US MERCHANTS FINANCIAL GROUP, INC.,
THE MERCHANT OF TENNIS, INC., LISA
NUNZIATA and METAMORPHISIS, INC.,

                                   Defendants.

-------------------------------------------------------------X


**DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION FOR
A PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY**


**Preliminary Statement**

          Defendants submit this Memorandum of Law in opposition to the motion of

plaintiff Fashion World Ltd. for a preliminary injunction and for an order granting expedited

discovery. The relevant facts are set forth in the Declaration of defendant Jeff Green, submitted

herewith, who is also the principal of defendants Ziari International Ltd., US Merchants

Financial Group Inc. and The Merchant of Tennis, Inc., and to which the Court is respectfully

referred. This Memorandum will briefly address a number of legal issues which we believe are

relevant to, and which compel denial of, the Application before this Court.

(177119v1)

**Point I**

**Plaintiff's Delay Bars Any Preliminary Injunctive Relief**

As explained in the Green Affidavit, there is no dispute that plaintiff has been fully aware of the facts and circumstances which form the bases for its application for a period of between eight months to more than one year. Under these circumstances, settled principles of law bar plaintiff from obtaining a preliminary injunction – irrespective of the underlying "merits" of the dispute.

In its Memorandum, plaintiff cites cases which state that "where the plaintiff has a protected mark, 'a showing of likelihood of confusion establishes both a likelihood of success on the merits and irreparable harm.'" Pl. Mem. at 2, *quoting New Kayak Pool Corp. v. R&P Pools, Inc.*, 246 F. 3d 183, 185 (2d Cir. 2001). However, the Second Circuit has expressly held that this "presumption" is completely *negated* where, as here, the plaintiff has unreasonably delayed in seeking relief. *Citibank, NA v. Citytrust*, 756 F. 2d 274 (2d Cir. 1985).

In *Citytrust*, the Court of Appeals vacated a preliminary injunction in a trademark infringement action on the grounds that "the effect of plaintiffs' delay in seeking relief render[s] inoperative any presumption that the 'almost inevitable' irreparable harm . . . has indeed occurred in the circumstances of this case." *Id.* at 276. In words fully applicable to plaintiff's extensive delay here, the Court stated:

> "Preliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights. Delay in seeking enforcement of those rights, however, tends to indicate at least a reduced need for such drastic, speedy action. . . Significant delay in applying for injunctive relief in a trademark case tends to neutralize any presumption that infringement alone will

2

(177119v1)

cause irreparable harm pending trial, and such delay alone
may justify denial of a preliminary injunction for trademark
infringement."

*Id.* at 276; citations omitted.

Applying the principles of *Citytrust*, the courts have not hesitated to refuse the "drastic remedy" of a preliminary injunction in a trademark case where the plaintiff has delayed in bringing suit or moving for injunctive relief. *See, e.g., Tough Traveler Ltd. v. Outbound Products*, 60 F. 3d 964, 968 (2d Cir. 1995); *Christopher Norman Chocolates v. Schokinag Chocolates North America*, 270 F. Supp. 2d 432, 438 (S.D.N.Y. 2003); *Jordache Enterprises Inc. v. Levi Strauss & Co.*, 841 F. Supp. 506, 521 (S.D.N.Y. 1993). These principles are fully dispositive here, and *standing alone* compel denial of plaintiff's motion for a preliminary injunction.

## Point II

## Plaintiff Has a Fully Adequate Remedy at Law

It is hornbook law that a preliminary injunction will be denied where the claimed injury is fully compensable in money damages. 13 *Moore's Federal Practice* ¶ 65.22[1][d]; *New York State Educational Association v. State Education Department*, 745 F. Supp. 1264, 1271 (S.D.N.Y. 1990).

As explained in the Green Declaration, contrary to plaintiff's empty incantations of the buzz words of "irreparable injury" (*see* Condi Decl. ¶23), this case is fundamentally a dispute about the computation and payment of Royalties; if plaintiff is right, damages are easily calculable and plaintiff will be able to obtain a judgment for the full amount of any monies that are owed to it. There is thus no basis for injunctive relief. "In general, a preliminary injunction is inappropriate where the potential harm is strictly financial." *Sperry International Trade Inc. v.*

3

(177119v1)

*Government of Israel,* 670 F.2d 8, 12 (2d Cir. 1987); *KMW International v. Chase Manhattan Bank,* 606 F. 2d 10, 14-15 (2d Cir. 1979); *SCM Corp. v. Xerox Corp.,* 507 F. 2d 358, 363 (2d Cir. 1974).

Injunctive relief is particularly inappropriate because the License Agreement affords specific remedies to plaintiff in the event it believes it is being "short changed." *See* License Agreement, Section 5.1. Plaintiff should be required to pursue these contractual remedies, rather than seek the extraordinary remedy of a preliminary injunction.

## Point III

## Plaintiff Has Failed to Make the Required Showing on the Merits

In order to obtain a preliminary injunction, plaintiff must show either "a likelihood of success on the merits or sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in its favor." *Christopher, supra,* 270 F. Supp. 2d at 434, *citing Kamerling v. Massanari,* 295 F. 3d 206, 214 (2d Cir. 2002). *See Jackson Dairy v. HP Hood & Sons,* 596 F. 2d 70, 72 (2d Cir. 1979).

The basic "merits" dispute is whether Zairi is in violation of the License Agreement because it is not paying 5% commission to plaintiff and because it is selling to a number of stores other than the "authorized" customers listed in the License Agreement. As set forth in the Green and Rosenblat Declarations, plaintiff has expressly *authorized and consented* to both of these matters. To the extent there is a dispute about such consent, we believe that Zairi's version of events is far more plausible; indeed, it is difficult to characterize plaintiff's acquiescence in both of these matters for many months as anything *other than* an acknowledgment that such modifications were made and accepted by both parties.

Under these circumstances, even if there were a genuine danger of irreparable

harm, plaintiff would not be entitled to a preliminary injunction. *Katz v. Modiri,* 283 F. Supp. 2d

883 (S.D.N.Y. 2003) (denying preliminary injunction in trademark case for lack of showing of

success on merits).[1]

## Point IV

### There is No Basis for Expedited Discovery

Finally, plaintiff has not shown a basis for obtaining expedited discovery under

either of the two tests applied in this District. *See Blackrock Inc. v. Schroders PLC,* 2007 WL

1573933 at *8 (S.D.N.Y. 2007)

Under both tests, there is a basic requirement that the plaintiff demonstrate a

genuine danger that it will suffer "irreparable injury" if the expedited discovery is denied, such

as a real danger that documents will be destroyed. Suffice it to say that there has been no

showing whatsoever of such a risk in this case. Quite the contrary, as Mr. Green explains in his

Declaration, all of the documents upon which plaintiff bases its claim has been voluntarily

produced by defendants. This Court should accordingly decline to exercise its discretion to grant

plaintiff's request. *See Matrix Essentials v. Quality King Distributors,* 346 F. Supp. 2d 384, 393-

---

[1]   While Section 13.4 of the License Agreement provides that "no modification of any of the terms and conditions of this Agreement shall be valid unless contained in a written instrument signed by both parties hereto", it is well settled that such a clause is inapplicable where there has been "partial performance of the oral modification sought to be enforced" or the other party "has induced another's significant and substantial reliance upon an oral modification." *Rose v. Spa Realty Associates,* 42 N.Y.2d 338, 343-45, 397 N.YS.2d 922 (1977). *Accord, Monster Content LLC v. Homes. com Inc.,* 2005 WL 1522159 at *11 (N. D. Cal. 2005); *Taylor v. Blaylock & Partners, LP,* 240 A.D. 2d 289, 659 N.Y.S. 2d 257 (1st Dept. 1997); *Levin v. Leon G. Silver & Associates,* 7 Misc. 3d 1016(A), 2005 WL 975693 at *2-3 (Sup. Ct. Nassau Cty. 2005). Here, *both* prongs of the *Spa Realty* test have been satisfied by plaintiff's knowing and deliberate acquiescence in the acceptance of the "reduced" Royalties and sales to the other stores.

(177119v1)

94 (E.D.N.Y. 2004); *Gidatex SRL v. Campaniello Imports Ltd.*, 13 F. Supp. 2d 417, 420

(S.D.N.Y.1998) (both denying requests for expedited discovery)

## Point V

## Any Preliminary Injunction Requires a Substantial Bond

Rule 65(c) of the Federal Rules of Civil Procedure requires that a bond be posted

when a preliminary injunction is issued. The purpose of the bond is to "guarantee payment of

costs and damages incurred by a party who is wrongfully enjoined or restrained." *13 Moore's*

*Federal Practice*, §65.50[3]. While the determination of the amount of the bond (or even

dispensing with a bond in its entirety) rests within the sound discretion of the District Court,

*Time Warner Cable Inc. v. DirectTV*, 2007 WL 1296205 at *2 (S.D.N.Y. 2007), it has been

recognized that "in setting the amount of security for a preliminary injunction should err on the

high side." *Moore's, supra,* at 65-94, *citing Mead Johnson & Co. v. Abbott Laboratories*, 201 F.

3d 883, 888 (7th Cir. 2000).

In the event this Court grants plaintiff a preliminary injunction, such an injunction

should be accompanied by a very substantial undertaking in the amount of $3 million. As Mr.

Green explains in his Declaration, Ziari has expended substantial sums and effort in developing

its handbag product, which is now being sold to Marshalls and the other retailers. If a

preliminary injunction is issued preventing Ziari from continuing this business – and it is

ultimately determined that plaintiff had no right to block the sales – Ziari will have suffered

substantial injury to its existing business.

In *Sanofi-Synthelabo v. Apotex, Inc.*, 470 F. 3d 1368 (Fed. Cir. 2006), the Court of

Appeals recently upheld Judge Stein's decision to require plaintiff to post a $400 million

preliminary injunction bond under Rule 65(c), holding that "the court based its determination on

(177119v1)

evidence presented before the court that concerned [defendant's] potential lost profits, lost

market share and associated costs of re-launch in the event of wrongful enjoinment"; and that

"we find no basis for disturbing the court's assessment of the facts." Similar factors warrant a

significant undertaking here. *See also Johnson Controls Inc. v. APT Critical Systems, Inc.*, 323 F.

Supp. 2d 525, 541 (S.D.N.Y. 2004) (granting undertaking equal to amount of potential lost

profits of defendant). [2]

## Conclusion

For the foregoing reasons, as well as for the reasons set forth in the Green

Declaration, defendants respectfully request that this Court deny plaintiff's Motion in all

respects.

Dated:  New York, New York
      July _____, 2007

**HELLER, HOROWITZ & FEIT, P.C.**

By: _____
     Richard F. Horowitz

By: _____
     Stuart A. Blander

292 Madison Avenue
New York, New York 10017
(212) 685-7600
*Attorneys for Defendants*

---

[2]  If necessary, we respectfully request permission to submit additional affidavits and evidentiary material with respect to the handbag product line in support of defendants' request for a $3 million preliminary injunction undertaking.