JUDGE CASTEL

07 CV 6108

Vano I. Haroutunian (VH 1010)
Ballon Stoll Bader & Nadler, P.C.
1450 Broadway
New York, New York 10018
212-575-7900
*Attomeys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
FASHION WORLD, LTD.,                             07-CV-_____

                                   Plaintiff,

          - against -


JEFF GREEN, ZIARI INTERNATIONAL, LTD.,
US MERCHANTS FINANCIAL GROUP, INC.,
THE MERCHANT OF TENNIS, INC., LISA
NUNZIATA and METAMORPHOSIS, INC.,

                                   Defendants.
-------------------------------------------------------------x


---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR
PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY**

---

## PRELIMINARY STATEMENT

In 2005, plaintiff entered into an agreement with defendants to license the sale of products with the trademark "F for Fortuna Valentino" (Complaint, ¶¶ 12-14).  Since then, defendants have breached the contract and sold trademarked products that they have not been granted a license to sell (Complaint, ¶ 17). Although the full facts are spelled out in the Complaint, the following is a short list of the various breaches by defendants:

- Defendants have failed to pay full royalties as provided by the contract (Complaint, ¶¶ 17, 53).

- Defendants have fraudulently underreported their sales to avoid paying royalties (Complaint, ¶¶ 18-30).

- Defendants have sold trademarked goods through unauthorized distribution channels (Complaint, ¶ 25).

- Defendants have sold trademarked products without a license over the internet (Complaint, ¶¶ 25-27, 29).

Defendants' conducts, which violates the Licensing Agreement ("License") as well as federal and state laws, have caused ongoing harm to plaintiff's trademark, to the goodwill it has built up with its customers and business partners, its reputation, and prior and prospective business opportunities. Therefore, for the reasons spelled out below, plaintiff should be granted a temporary restraining order preventing defendants from selling trademarked products in contravention of the License and prohibiting defendant U.S. Merchants ("USM") from selling handbags without a license. In addition, plaintiff seeks expedited discovery to

enable plaintiff to ascertain the exact amount it has been underpaid by defendants, and to prevent further accounting deception by defendants.

## POINT I

### THE COURT SHOULD GRANT PLAINTIFF A TEMPORARY RESTRAINING ORDER TERMINATING THE LICENSE AND PREVENTING DEFENDANTS FROM CONTINUING TO USE PLAINTIFF'S TRADEMARK

Pursuant to federal and state laws, "[a] motion for a temporary restraining order is governed by the same standard as a motion for a preliminary injunction. Consequently, the discussion of the standard and the governing case law for obtaining a preliminary injunction apply equally to the plaintiff's application for a temporary restraining order." Arias-Zeballos v. Tan, 2007 U.S. Dist. LEXIS 5069, 5 (S.D.N.Y. 2007) To obtain preliminary relief "a party must demonstrate a likelihood of irreparable injury if the injunction is not granted, as well as a likelihood of success on the merits of the underlying action." New Kayak Pool Corporation v. R&P Pools, Inc, 246 F.3d 183, 185 (2d Cir. 2001). "In Lanham Act cases such as this one, where the plaintiff has a protected mark, "a showing of likelihood of confusion establishes both a likelihood of success on the merits and irreparable harm."" Id., quoting Hasbro, Inc. v. Lanard Toys, Ltd., 858 F.2d 70, 73 (2d Cir. 1988). The Second Circuit has also held that, "we analyze claims under New York's unfair competition statute in a similar fashion to how we analyze claims under the Lanham Act" Louis Vuitton Malletier v. Dooney & Bourke, Inc., 454 F.3d 108, 119 (2d Cir. 2006).

The Second Circuit determines the "likelihood of confusion" by analyzing the facts of each case under the following eight factors established in the seminal <u>Polaroid Corp. v. Polaroid Electronics Corp.</u>, 287 F.2d 492, 495 (2d Cir. 1961):

> "(1) the strength of the mark; (2) the degree of similarity between the two marks; (3) the proximity of the products; (4) the likelihood that the prior owner will "bridge the gap"... (5) actual confusion; (6) the defendant's good faith in adopting its mark; (7) the quality of the defendant's product; and (8) the sophistication of the buyers. This "list of Polaroid factors is not exclusive and the analysis of the factors is 'not a mechanical process."
> <u>Arrow Fastener Co. v. Stanley Works</u>, 59 F.3d 384, 391 (2d Cir. 1995)

An analysis of the facts of this case under the <u>Polaroid</u> test shows an indisputable likelihood of confusion. The goods that the defendants are selling in contravention of the License are identical to those that defendant is licensed to sell, and will confuse consumers as to their origin, no matter what their level of sophistication  (addressing <u>Polaroid</u> factors 2, 5, 7, and 8). The defendants are <u>deliberately</u> selling the trademarked products to unauthorized customers because of the strength of the Mark (addressing <u>Polaroid</u> factors 1 and 6). They are selling the unauthorized products to companies and individual consumers who would otherwise buy the trademarked products in an authorized fashion (addressing <u>Polaroid</u> factors 3 and 4).

These facts clearly justify the granting of a temporary restraining order. Where companies use the same mark to sell the same goods in the same market, as here, the courts have held that the <u>Polaroid</u> factors are met. <u>Fusco Group, Inc. v. Loss Consultants Int'l, Inc.</u>, 462 F. Supp. 2d 321 (2006)

Courts that adhere to the <u>Polaroid</u> test also examine the total situation to determine the likelihood of confusion. *See* <u>Brennan's, Inc. v. Brennan's Rest</u>., 360 F.3d 125, 130  (2d Cir. 2004) ("No single factor is dispositive, nor is a court limited to consideration of only these factors. Further, each factor must be evaluated in the context of how it bears on the ultimate question of likelihood of confusion as to the source of the product.," *internal citations omitted*). In this case, where identical products to the trademarked items are being sold as properly trademarked, in markets that would normally carry products similar to plaintiff's, there is no way that consumers will come to realize that they are not buying authorized Fortuna Valentino products. Considering the total situation, it is clear that confusion will ensue. Therefore, a temporary restraining order should be granted preventing defendants from selling trademarked products through unlicensed distribution channels.

## POINT II

**PLAINTIFF SHOULD BE GRANTED EXPEDITED DISCOVERY TO ALLOW IT TO ASCERTAIN THE PROPER DAMAGES AND TO PREVENT DEFENDANTS FROM FURTHER ENGAGING IN <u>DECEPTIVE ACCOUNTING PRACTICES</u>**

"Courts in this district apply one of two tests to determine whether the expedited discovery is appropriate. Depending on the test the court applies, the party requesting expedited discovery must either satisfy a four-part test similar to the standard for a preliminary injunction, or demonstrate that it has "good cause" for its request and that the request is reasonable in light of the circumstances."

BlackRock, Inc. v. Schroders PLC, 2007 U.S. Dist. LEXIS 39279, 23-24 (S.D.N.Y. 2007). Plaintiff satisfies the standard using either test.[1]

Courts that apply the "reasonableness test" have found that the standard for expedited discovery is met when the moving party has "made a strong evidentiary showing of the substantiality of his claims," and the other party has the incentive and ability to hide material information. Ayyash v. Bank Al-Madina, 233 F.R.D. 325, 327 (S.D.N.Y. 2005). In this case, plaintiff's Complaint lays out clear violations by defendants of the License, state law and federal laws (Complaint, ¶¶ 17-30). The attached exhibits attest to these violations. In addition, the defendants have been understating sales for the entire duration of the contract. If plaintiff cannot get speedy access to defendants' records, defendants will be able to dispose documents that provide evidentiary proof as to their fraudulent accounting methods. Their previous false accounting reports show they have the willingness to engage in such unscrupulous measures (Complaint, ¶¶ 17-30).

The four part test used by other courts requires a showing of "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." Advanced Portfolio Techs. Inc. v. Advanced Portfolio, 1994 U.S. Dist. LEXIS 18457, 7 (S.D.N.Y. 1994)

---

[1] Although plaintiff meets either standard for granting expedited discovery, plaintiff believes that good cause is the proper standard for the reasons stated in Ayyash v. Bank Al-Madina, 233 F.R.D. 325 (S.D.N.Y. 2005)

Plaintiff will suffer an "irreparable injury" if expedited discovery is not granted because defendants, who have shown that they are willing to provide fraudulent accounting of sales, will gain further time to cover their tracks and destroy incriminating evidence. Defendants' previous conduct makes this possibility a real worry. The facts provided in the Complaint, coupled with the attached exhibits, show that plaintiff has far greater than "some probability of success on the merits," (Complaint, ¶¶ 7-33). If provided with expedited discovery, plaintiff will be able to retrieve documents necessary for proving its claim before defendants can alter, destroy, or otherwise manipulate such files. The balance of harm also strongly favors plaintiff because defendants will not suffer  any real harm from turning over their accounting records while plaintiff may suffer an irreparable harm from loss of evidence necessary for ascertaining damages.

## CONCLUSION

For the abovementioned reasons, plaintiff should be granted a temporary restraining order barring defendants from selling unlicensed, trademarked items, and granted its request for expedited discovery of defendants' accounting books and records.

Dated: June 28, 2007
New York, NY

Respectfully submitted,
BALLON STOLL BADER & NADLER, P.C.


By: _____
Vano Haroutunian (VH 1010)
1450 Broadway
New York, New York 10018
(212) 575-7900
*Attorneys for Plaintiff Fashion World, Inc.*