*JUDGE CASTEL*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 6108

-------------------------------------------------------x
FASHION WORLD, LTD.,

                     Plaintiff,

    -v-

JEFF GREEN, ZIARI INTERNATIONAL, LTD.,
US MERCHANTS FINANCIAL GROUP, INC.,
THE MERCHANT OF TENNIS, INC., LISA
NUNZIATA and METAMORPHOSIS, INC.,

                     Defendants.
-------------------------------------------------------x

07-CV-_____

**DECLARATION IN SUPPORT OF PRELIMINARY INJUNCTION AND FOR EXPEDITED DISCOVERY**

BRUNO CONDI, declares, under penalty of perjury, as follows:

1. I am a principal of plaintiff Fashion World, Ltd. ("Fashion World"). My account of the events stated herein is made upon personal knowledge, except as to those matters stated upon information and belief.

2. At all times herein mentioned, Fashion World was and is still the owner and Licensor, for any and all purposes, (including the design, manufacture, advertising, promotion, marketing, sale and distribution of fashion products) of the trademark "F by Fortuna Valentino" (the "Mark"), which is duly registered upon the Principal Register of the United States Patent and Trademark Office ("USPTO").

3. The Mark is a valuable and exclusive high fashion symbol which derives its high standing in the fashion markets in part from the high quality of the products with which plaintiff permits the Mark to be associated. At all times relevant to this action Fashion World

has acted, and continues to act, to protect the standing, quality and integrity of the Mark in order to preserve and further enhance its value.

4. Defendant Jeff Green ("Green") is, upon information and belief, a principal and Chief Executive Officer ("CEO") of US MERCHANTS FINANCIAL GROUP, INC. ("USM"), THE MERCHANTS OF TENNIS, INC. ("MOT") and ZIARI INTERNATIONAL, LTD. ("Ziari"), each of which is a California entity having its principal place of business in or around Los Angeles, California.

5. Defendant Green engaged in the wrongful acts described below for his personal benefit and enrichment, utilizing his complete dominion and control over USM's, MOT's and Ziari's business transactions and activities, which he operated as his agents and as the agents of each other.

6. Defendant Lisa Nunziata, also known as Lisa A. Nunziata, Lisa A. Gherardi, Lisa Nunziata Gherardi and Lisa Nunziata Gherard ("Nunziata"), is a natural person who resides and transacts business in the State of New York, including in the name of Metarmorphosis, Inc., a New York corporation ("Metamorphosis").

7. Defendant Nunziata engaged in the wrongful acts described below for her personal benefit and enrichment, utilizing her complete dominion and control over the business transactions and activities of Metamorphosis, which she operated as her agent and instrumentality.

8. Fashion World's business includes the granting of limited, individual licenses to various persons and business entities, to design, manufacture, advertise, promote, market, sell and distribute one or more specific types of fashion products bearing the Mark.

9. On or about January 26, 2005, Fashion World as owner and licensor of the Mark, and defendant Ziari, as licensee, entered into and executed a written License Agreement ("the License Agreement"), a true and complete copy of which is annexed as **Exhibit A**.

10. In the written License Agreement in **Exhibit A**, Fashion World conveyed to Ziari a limited license (hereinafter: "the written License"), for the calendar years 2005 through 2008, to use the Mark, subject to all of the written provisions in **Exhibit A**, in Ziari's design, manufacture, advertising, promotion, marketing, sale and distribution of certain specified types of "Licensed Products" as defined in section 1.1 of **Exhibit A**.

11. The written License further limited Ziari, *inter alia*, to using the Mark only in connection with sales of Licensed Products to the superstores Costco, Sams and Bjs for resale by Costco, Sams and Bjs (in Ziari's reasonable belief) within The United States (as defined therein), Canada and Mexico.

12. Additionally, in section 4.1 of the written License Agreement in **Exhibit A**, defendant Ziari agreed to pay Fashion World, on a quarterly basis, commencing April 15, 2005 and thereafter, on or before each of the dates of January 15, April 15, July 15 and October 15 in the years 2005 through 2008, royalties equal to five percent of Ziari's net sales of the Licensed Products as provided in section 1.1 of **Exhibit A**.

13. Under section 5.1 of the written License Agreement in **Exhibit A**, Fashion World is entitled, *inter alia*, to full access to Ziari's books and records relating to the computation of royalties due plaintiff.

14. Collectively, defendants Green, USM, MOT and Ziari have knowingly and wilfully:

(1)  distributed, sold and offered Licensed Products bearing the Mark for sale in interstate commerce, and have intentionally and deliberately concealed sales from the Licensor to avoid paying the royalties due to Fashion World under the License Agreement in **Exhibit A**;

(2)  have misappropriated and converted the royalty amounts received by them upon for sales they have made in interstate commerce of Licensed Products bearing the Mark, due to Fashion World pursuant to the License Agreement, and

(3)  have distributed, sold and offered products bearing the Mark for sale in interstate commerce, with which they are not authorized to so treat.

15.  Defendants Green, USM, MOT and Ziari, collectively or individually, have also offered for sale or sold the Licensed Products, have deliberately misled Fashion World and have concealed the amount of their sales of products bearing the Mark during each of the calendar quarters for the periods 2006.

16.  For example, during the first quarter of 2006, Fashion World received from defendants Green, USM, MOT and Ziari, only one-half of the royalties due from the sale of the Licensed Products, receiving 2.5% of reported net sales instead of the 5% royalty under the terms of the Agreement. Annexed as **Exhibit B** is a copy of defendant Ziari's sales report showing that, in its February 23, 2006 sale of a "Fortuna Valentino Lounge Set" to Costco Canada New Club, Ziari paid Fashion World a royalty of only 2.5%, in clear breach of the License Agreement.

17.  Likewise, defendant MOT deliberately and knowingly paid Fashion World a 2.5% royalty in connection with its 2006 third quarter sale of Licensed Products to Sam's Club and Costco instead of the 5% royalty under the Agreement. *See* **Exhibit C**.

18. Defendant USM also deliberately and knowingly paid Fashion World less than its proper 5% royalties in connection with USM's 2006 fourth quarter sale of various Licensed Products. Calculated at 5% of USM's gross sales under the Agreement, Fashion World's royalty is $17,234. However, Plaintiff was paid only $15,451. *See* **Exhibit D**.

19. Additionally, during the first quarter of 2007, defendant MOT again knowingly and deliberately paid Fashion World less than a 5% royalty rate in connection with MOT's sale of the Licensed Products. In the attached Commission Statement (annexed as **Exhibit E**), MOT stated a 0.025% royalty rate being due to Plaintiff and paid royalties of a mere $9,877.89 based on admitted total sales of $440,100.00; *see,* the check annexed as **Exhibit F**[1].

20. In addition to breaching their obligation to pay Fashion World its full royalties due under the License Agreement, defendants Green, USM, MOT and Ziari have also failed to include all of their sales in their required sales reports. For example, attached as **Exhibit G** is a receipt from Sam's Club of a purchase I made of a Licensed Product sold to Sam's Club by the defendants. My close inspection of defendants' sales report for the third quarter 2006 reveals that this particular sale was not reported. In short, defendants knowingly and deliberately concealed sales in order to misappropriate and convert royalties due to Fashion World.

21. I came across further such fraudulent activity by defendants Green, USM, LOT and Ziari when I discovered USM's concealment of sales of the Fashion World Spring/Summer 2007 collection. Indeed, one of USM's former sales brokers, who has since left USM, accounted to me for shipments of Licensed Products worth **$2,553,267.46** for that Season. To date, Fashion World has not received royalties of $127,663.73 due on those sales.

---

[1] **Error! Main Document Only.** Even assuming that MOT's total sales for this period was only $440,100.00, defendants nevertheless paid plaintiff less than the royalties due under the License Agreement. On total sales of $440,100.00, plaintiff is entitled to $22,005.00 in royalties.

22. Further, defendants Green, USM, LOT and Ziari distributed and/or offered for sale and/or sold Licensed Products to customers other than the superstores Costco, Sams and BJs, which were their only authorized customers for Licensed Products. Attached as **Exhibit H** are copies of offers of sale of the Licensed Products posted on E-Bay, an online auction and shopping website not listed as an authorized channel of distribution under the License Agreement.

23. Defendants' unauthorized "sublicense" to E-Bay, and their sales to entities other than the authorized channels of distribution is causing and is likely to further cause confusion, mistakes and misinformation to and deception of the general purchasing public about the origin of the Licensed Products, Defendants Green's, USM's, MOT's and Ziari's misconduct is likely to deceive the public into believing that the Licensed Products being sold by third parties originate from, are associated with or are otherwise duly authorized and licensed by Fashion World, all to the damage and detriment of the Mark's reputation and goodwill.

24. Aside from deliberately and knowingly failing to pay Fashion World its full royalties, defendant USM has also egregiously concealed its unauthorized sales of handbags bearing the Mark ("handbag sales"). USM stated to me that it had sold a mere 3,000 handbags from the Spring/Summer 2007 collection, but purchase orders from TJMaxx and Marshalls, completely unauthorized customers, show that they were able to buy more than 25,000 units. *See* **Exhibit I**. Defendants Green and USM deliberately concealed those sales from Fashion World.

25. In addition, and contrary to defendant USM's statements that it had made no handbag sales for the period ending March 31, 2007, purchase orders (annexed as **Exhibit J**)

from QVC, Inc., another wholly unauthorized customer of defendants Green, USM, MOT and Ziari, show handbag sales totaling $104,100.00. No royalties were paid on those sales.

26. USM further distributed, marketed, offered to sell and sold handbags bearing the Mark ("Infringing Products") totaling $695,000.00 to various unauthorized distribution channels, and concealed their obligation to pay the $34,750 in royalties which would have been due on those sales.

27. Defendants Nunziata and Metamorphosis, apparently having previously worked with defendants Green, USM, MOT and Ziari, have also infringed upon, misappropriated and counterfeited the Mark. Nunziata, seeking to avoid sharing revenues with defendants Green, USM, MOT and Ziari, proposed to me that Fashion World grant her an additional license to her, to market handbag bearing the Mark to customers other that Costco, Sam's and Bjs.

28. Fashion World, having a right to issue such additional licenses, offered Nunziata an opportunity to demonstrate her marketing ability, but has never entered into a Licensing Agreement with Nunziata or Metamorphosis. Nunziata grossly exceeded her authorization from Fashion World, by attempting to handle many more units than the test sampling which Fashion World had authorized.

29. Defendants communicate and cooperate with each other in their business and fraudulent operations in interstate and intrastate commerce, including commerce in the State of New York and in this judicial District, in violation of Fashion World's rights.

30. Based on the foregoing, it is my belief that defendants communicate and cooperate in their business and fraudulent operations.

31. I have been advised by our attorneys that, since defendants have also knowingly imported and/or distributed and/or advertised and/or offered for sale and/or sole the

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 22, 2007

_____
Bruno Condi

Sworn to before me this
22nd day of June 2007

_____
Notary Public

FRAN FOSTER
Notary Public, State of New York
No. 01FO6154335
Qualified in Nassau County
Commission Expires Oct. 23, 2010