1450 Broadway, New York, NY 10018-2268
Tel: 212-575-7900  Fax: 212-764-5060

BALLON STOLL BADER & NADLER, P.C.

COUNSELLORS AT LAW          FOUNDED 1931

www.ballonstoll.com

Affiliate offices:
Hackensack, New Jersey
Philadelphia, Pennsylvania
Moscow, Russia

# MEMO ENDORSED

July 5, 2007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/6/07

**Via Hand Delivery**

The Honorable P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007-1581

Re:    Fashion World, Ltd. v. Jeff Green, Ziari
       International, et al.; 07-CV-6108 (GEL)

Honorable Sir:

We represent the plaintiff in the above action, in which plaintiff's Order to Show Cause for a preliminary injunction, which the Court signed on June 28, 2007, is scheduled for argument before your Honor tomorrow, July 6, 2007 at 3:15 p.m.

The purpose of this letter is to request that the Court adjourn the above argument until July 13, 2007 or a date convenient for the Court and all parties, on the facts set forth in this letter.

I am covering this matter for my partner Vano Haroutunian, who is overseas and is scheduled to return to the office on July 9, 2007. Since our service on June 29, 2007 of the moving papers, we have been contacted by two separate law firms representing various defendants, as follows.

On July 2, 2007 we were contacted by Joseph Mattone, Esq. of Mattone, Mattone & Mattone, LLP, representing defendants Lisa Nunziata and Metamorphosis, Inc. Mr. Mattone informed me that his client would be serving papers in opposition. As of this writing, a little past the Order to Show Cause's 3:00 p.m. deadline for service of opposing papers, Mr. Mattone has informed me that his papers will be served within the hour, but that he has no opposition to plaintiff's request for adjournment.

Then today, at 12:00 p.m. we were contacted by Heller, Horowitz & Feit, P.C. on behalf of defendant Jeff Green and the remaining defendants which he owns and controls, by way of that firm's faxed service of a Declaration in Opposition by Mr. Green and a Memorandum of Law in Opposition to the motion. It is pertinent that the Heller Firm did not contact us at any point before its service of papers today. That is pertinent because on July 2, 2007, pursuant to the Order to Show Cause's provision for expedited discovery in aid

The Honorable P. Kevin Castel
July 5, 2007
Page 2


of or in opposition to plaintiff's injunction motion, plaintiff served a third party subpoena *duces tecum* upon Daryl Maynard, a former sales representative of the Green defendants, for what we understand are numerous records in Maynard's possession relevant to the pending Order to Show Cause. We emailed a copy of that subpoena to Mr. Mattone but had no law firm for the Green defendants identified for the purpose of our mailing a copy of that subpoena to it. A copy of the subpoena, which is enclosed with this letter, was emailed to the Heller Firm earlier this afternoon.

As the third-party discovery we have requested is not due to be provided to us until July 12 next week, and as we believe that documents therein will be of substantial aid to our client's request for injunctive relief, we respectfully request that the argument of the motion be adjourned, again, to July 13, 2007 or a date convenient for the Court. This request, and indeed any adjournment, has been rejected by Stuart Blander, Esq. of counsel for the Green defendants.

We appreciate your Honor's consideration of this request. If the Court has any questions I stand ready to try to answer them.

Respectfully,

Richard Turyn

RT/la
Encl.
cc:     Joseph Mattone, Esq.
        Stuart A. Blander, Esq.
        (without enclosure)
        Vano Haroutunian, Esq.

*[Handwritten annotations by the Court:]*

faxed to Chambers at 4:48 p.m. ×

Application denied. Plaintiff came running into Court on the virtue we of the Injunctive Doc holds claiming that it needed a of pull temporary restraining order on notice of what turns out to be a dispute over the terms of a license agreement that has been known for an extended period of time. It appears that Vano Haroutunian's plan was to obtain a TRO and then high-tail overseas where he could not be reached. The plan has failed. Plaintiff has known since June 28 that the O/S/C return is scheduled for July 9 and cannot a criminal trial commenced on July 6. There is no return date accommodate the requested adjournment. It is the return date argument scheduled for July 6. Plaintiff's motion for a preliminary injunction hearing of plaintiff's motion it may present at an evidentiary hearing such evidence as it chooses. SO ORDERED. USDJ 7-5-07

◥AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN ————————— DISTRICT OF ————————— NEW YORK

FASHION WORLD, LTD.

V.

JEFF GREEN, ZIARI INTERNATIONAL, LTD.,
US MERCHANTS FINANCIAL GROUP, INC.,
THE MERCHANT OF TENNIS, INC., LISA
NUNZIATA and METAMORPHOSIS, INC.,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  07 CV 6108 (KC)

TO:
  DARYL MAYNARD

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See schedule A attached and made a part hereof.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| Address of Plaintiff's attorney set forth below. | 7/12/2007 2:00 pm |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | July 2, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Richard Turyn, Esq. (RT 8077); Vano Haroutunian (VH 1010)
Ballon Stoll Bader and Nadler, P.C., 1450 Broadway, 14th Floor, New York, NY 10018-2268, (212) 575-7900

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Vano I. Haroutunian (VH 1010)
Richard Turyn (RT 8077)
Ballon Stoll Bader & Nadler, P.C.
1450 Broadway
New York, New York 10018
212-575-7900
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

FASHION WORLD, LTD.,

                 Plaintiff,

         - against -

JEFF GREEN, ZIARI INTERNATIONAL, LTD.
US MERCHANTS FINANCIAL GROUP, INC.,
THE MERCHANT OF TENNIS, INC., LISA
NUNZIATA and METAMORPHOSIS, INC.,

               Defendants.

------------------------------------------------------x

07 - CV - 6108 (KC)

**SCHEDULE A TO SUBPOENA**
***DUCES TECUM* DATED JULY 2,**
**2007 TO DARYL MAYNARD**

        The definitions and rules of construction in Federal Rule of Civil Procedure 34(a) and in Civil Rule 26.3© and (d) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated by reference. In addition, the following definitions and instructions shall apply:

        1.      "Defendants' means Jeff Green, Ziari International, Ltd. , US Merchants Financial Group, Inc., The Merchant of Tennis, Inc., Lisa Nunziata and Metamorphosis, Inc., individually or together with any other person, and all divisions, wholly and partially owned subsidiaries of any of them, and all income or profit-sharing ventures engaged in by any of them with other persons, whether in the form of joint ventures or in any other form of entity, partnership or other form of business relationship, and all of the foregoing.

        2.      "The Mark" means the registered trademark "**F by Fortuna Valentino**"

and all labels, trade usages and trade dress associated with the Mark.

3.      "Documents concerning this action" means documents relating to plaintiff, the Mark and/or to any and all activities of defendants in respect of plaintiff and/or the Mark.

4.      "Subpoenaed party" means Daryl Maynard, his employees, agents, insiders (as defined in the Bankruptcy Code) independent contractors and/or any and all other persons acting in his name, on his behalf, for his benefit or at his direction or under his control.

5.      With respect to those documents produced, the paragraph number of this Notice in response to which production is made should be indicated.

6.      Unless otherwise specified, each request herein is for documents created, sent or received between September 1, 2004 and the date of the production of documents to be made pursuant to this subpoena *duces tecum*.

7.      Each request for a document herein shall be deemed continuing so as to require supplemental production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure if the subpoenaed party obtains further documents requested herein, between the date of its response to this subpoena *duces tecum* and the date of trial.

<u>Documents to Be Produced</u>

1.      All documents concerning this action created by the person subpoenaed, received by the person subpoenaed or referred to in any other document, by the person subpoenaed, in accordance with the supplemental definitions set forth in Paragraphs 1 through 4 above.

07/05/2007 16:49 FAX 2127645060                                                    ☑008

Dated:  New York, New York
        July 2, 2007

BALLON STOLL BADER & NADLER, P.C.

By: _____
        Richard Turyn (RT8077)
*Attorneys for Plaintiff*
1450 Broadway – 14th Floor
New York, New York 10018
(212) 575-7900