177497.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X          07-CV-6108
FASHION WORLD, LTD.,

           Plaintiff,

      -against-
                                              ANSWER, COUNTER-
JEFF GREEN, ZIARI INTERNATIONAL, LTD.,     CLAIMS AND CROSS-
US MERCHANTS FINANCIAL GROUP, INC.,      CLAIMS
THE MERCHANT OF TENNIS, INC., LISA
NUNZIATA and METAMORPHISIS, INC.,

                                              JURY TRIAL
          Defendants,                           DEMANDED

      -and-

DARRYL MAYNARD, PING LEUNG and ALEX CHANG,

          Additional Cross-Claim
          Defendants,

      -and-

BRUNO CONDI and FORTUNA VALENTINO,

          Additional Counterclaim
          Defendants.

------------------------------------------------------------X

      Defendants Jeff Green, Ziari International, Ltd., U.S. Merchants Financial Group, Inc.

and The Merchant of Tennis (collectively, the "Green Defendants"), as and for their Answer to

the Complaint, their Counterclaims against plaintiff and additional counterclaim defendants, and

their Cross-Claims against defendants and additional cross-claim defendants, state as follows:

      1.  Deny the allegations of paragraph 1 of the Complaint, except admit that the

Complaint seeks the relief set forth therein.

177497.1

2.  Admit the allegations in paragraphs 2, 3, 7 and 78 of the Complaint.

3.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 4, 5, 6, 9, 10, 11, 35, 44, 50, 70 and 82 of the Complaint.

4.  Deny the allegations in paragraph 8 of the Complaint.

5.  With respect to the allegations in paragraphs 12, 13, 14, 15 and 16 of the Complaint, respectfully refer the Court to the License Agreement; and state further that certain provisions of the License Agreement were subsequently modified, amended and/or waived by the parties, as alleged in greater detail below (the "Modifications"). Except as set forth in the preceding sentence, deny all of the allegations contained in those paragraphs.

6.  Deny the allegations in paragraphs 17, 18, 19, 20, 21, 22, 23 and 24 of the Complaint, except admit that the Green Defendants have lawfully sold products bearing the Mark and that, pursuant to the Modifications, defendants have, with respect to certain sales, paid to plaintiff a royalty of less than 5%, as the parties had agreed.

7.  Deny the allegations in paragraph 25 of the Complaint, except admit that with plaintiff's knowledge and consent and pursuant to the Modifications, defendants have lawfully sold products to customers other than the three "super stores" listed in the original License Agreement.

8.  Deny the allegations in paragraphs 27 of the Complaint.

9.  Deny the allegations in paragraphs 28, 29 and 30 of the Complaint, except admit that, pursuant to the Modifications, defendants have lawfully sold handbags to TJ Maxx, Marshalls and QVC Inc.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 31 and 32 of the Complaint, except deny that plaintiff had

2

177497.1

the right to issue any license which conflicted with the license previously issued to Ziari and

further deny that plaintiff had any right to issue a purported license to defendants Nunziata and

Metamorphosis (collectively, "N&M"); and state further that N&M have breached their fiduciary

duties and contractual obligations to the Green Defendants by attempting to enter into separate

license agreements with plaintiff.

11. Deny the allegations in paragraphs 33, 36, 37, 38, 40, 41, 42, 41, 42, 45, 46, 47,

48, 51, 52, 51, 52, 55, 56, 57, 58, 61, 62, 66, 67, 68, 69, 71, 72, 73, 75, 76, 79, 83, 84, 85, 86, 87,

89, 90, 91 and 92 of the Complaint.

12. Deny the allegations in paragraphs 35 and 82 of the Complaint, except admit that

the Mark has a certain amount of value and good will associated with it.

13. Deny the allegations in paragraphs 65 and 78 of the Complaint, except admit that

Ziari has sold goods bearing the Mark for profit.

14. In response to paragraphs 54, 60, 64 and 82 of the Complaint respectfully refer to

the License Agreement and the Modifications. The remainder of these paragraphs is denied.

15. Deny the allegations in paragraph 80 of the Complaint, except admit that the

Green Defendants have made no repayments of "restitution" to plaintiff, as no such payments are

required or warranted.

### As and For a First Affirmative Defense

16. On or about March 24, 2006, during a meeting in the Los Angeles offices of Jeff

Green, which was attended by Bruno Condi on behalf of plaintiff and Jeff Green on behalf of the

Green Defendants, and by Skip Rosenblatt, plaintiff and the Green Defendants agreed that the

commissions payable under the License Agreement would be reduced from 5% to 2.5% in order

177497.1

to permit Ziari to have funds available to invest in the marketing and improvement of the product line.

17. On September 28, 2006, during a meeting about the License Agreement in New York City, attended by Condi and Skip Rosenblatt, the Green Defendants and plaintiff agreed that Ziari would be permitted to sell handbags bearing the Mark to retailers such as TJ Maxx, Marshalls and QVC, in addition to the three "big box" stores listed in the original License Agreement, and Skip Rosenblatt was authorized to and did communicate this agreement to the Green Defendants.

18. Following the March 24, 2006 meeting, and in reliance upon the agreements made at that meeting, Ziari computed and paid commissions based on a 2.5% rather than a 5% commission. Following the September 28, 2006 meeting, and in reliance upon the agreements made at that meeting, Ziari commenced soliciting orders for handbags from TJ Maxx, Marshalls and QVC.

## As and For a Second Affirmative Defense

19. Plaintiff has materially breached and repudiated its obligations under the License Agreement by, *inter alia,* (i) purporting to authorize other persons and parties (such as N&M) to utilize the Mark, notwithstanding the exclusive rights granted to Ziari under the License Agreement and the Modifications; and (ii) purporting to declare fictitious defaults on the part of Ziari under the License Agreement, and using such purported "defaults" as a basis for purporting to terminate the License Agreement.

4

177497.1

### As and For a Third Affirmative Defense

20. Plaintiff is barred from obtaining any equitable relief by virtue of its fraudulent conduct and its unclean hands (alleged in greater detail below); and its unreasonable delay in seeking relief.

### As and For a Fourth Affirmative Defense

21. Plaintiff has waived and is estopped from seeking the relief requested in its Complaint.

### As and For a First Counterclaim Against Plaintiff

22. Under the License Agreement, Ziari is granted an exclusive license to use and exploit the Mark during the term of the Agreement.

23. Ziari has fully and properly performed all of its obligations as licensee under the License Agreement.

24. Plaintiff has materially and willfully breached its obligations as licensor under the License Agreement by, *inter alia,* (i) repudiating the agreed-upon Modifications to the License Agreement, (ii) purporting to authorize other parties, to wit, N&M, to utilize and exploit the Mark, (iii) purporting to declare a default under the License Agreement and use that default to purport to terminate Ziari as licensee, and (iv) bringing this meritless action.

25. As a result, Ziari has been impaired in its ability to commercially exploit its contractual rights with respect to the Mark and has been damaged in an amount to be determined at trial.

26. Moreover, Ziari has no adequate remedy at law with respect to plaintiff's breaches.

5

177497.1

### As and For a Second Counterclaim Against Plaintiff

27.     The Green Defendants incorporate by reference paragraphs 1 through 26 of this Answer.

28.     Under the License Agreement and the Modifications, Ziari is granted the exclusive right to utilize and exploit the Mark.

29.     Without the Green Defendants' authorization or consent, and having knowledge of Ziari's exclusive rights as licensee of the Mark under the License Agreement, in or about June 2007, plaintiff purported to authorize N&M, through a "new license agreement" to sell goods bearing the Mark (the "New License").

30.     Upon information and belief, in purported reliance upon the New License, N&M have manufactured, distributed and/or sold goods to the public bearing the same Mark and in direct competition with Ziari's sale of similar goods.

31.     Such sales have caused and are likely to cause confusion, mistake and deception and are likely to deceive the public as to the source of origin of the goods and into believing that the goods are authorized and sold by Ziari, as the exclusive licensee of the goods.

32.     Such conduct by plaintiff violates Section 32 of the Lanham Act, 15 U.S.C. §1114, as well as Section 43 of the Lanham Act, 15 U.S.C. §1125.

33.     As a result, Ziari has suffered and will continue to suffer irreparable harm and injury; and has been and will be damaged in an amount to be determined at trial.

177497.1

**As and For a Third Counterclaim Against Plaintiff**
**and Additional Counterclaim Defendants Condi and Valentino**

34.    The Green Defendants incorporate by reference paragraphs 1 through 33 of this Answer.

35. This Court has subject matter jurisdiction over this Counterclaim against the Additional Counterclaim Defendants Condi and Valentino pursuant to the grant of supplemental jurisdiction as set forth in 28 U.S.C. §1367. Additional Counterclaim Defendants Condi and Valentino are subject to the personal jurisdiction of this Court because the Counterclaim arises out of their transaction of business within this State and constitutes the commission of tortious acts within this State under CPLR 302(a).

36.    At all relevant times, plaintiff and Condi and Valentino, as principals and officers of plaintiff who were each personally and directly involved in the License Agreement, had actual knowledge that N&M were acting as agents of Ziari in connection with Ziari's rights as licensee under the License Agreement and Ziari's exploitation of the license to use the Mark.

37.    At all relevant times, plaintiff, Condi and Valentino also knew that N&M owed Ziari a fiduciary duty of loyalty as Ziari's agents.

38.    Notwithstanding such actual knowledge of N&M's actual business relationship with, and fiduciary duty to, the Green Defendants, plaintiff, Condi and Valentino caused and induced N&M to breach their contractual and other obligations to Ziari by, *inter alia,* offering N&M the New License to manufacture and sell goods bearing the Mark for their own account in direct competition with Ziari.

7

177497.1

39.    This conduct by plaintiff, Condi and Valentino was entirely malicious and without justification and caused N&M to breach their contractual obligations and fiduciary duties to Ziari.

40.    As a result, Ziari has been damaged in an amount to be determined at trial.

41.    The foregoing conduct by plaintiff, Condi and Valentino was malicious and evinced a total disregard for the legitimate rights of Ziari, warranting imposition of an award of punitive damages.

**As and For a Fourth Counterclaim Against Plaintiff**

42.    The Green Defendants incorporate by reference paragraphs 1 through 41 of this Answer.

43.    On or about July 19, 2007, plaintiff transmitted a notice which purported to specify various alleged "defaults" on the part of Ziari under the License Agreement (the "Default Notice"). Ziari responded to the Default Notice by stating that it was not in default of any of its obligations.

44.    Thereafter, on or about August 9, 2007, plaintiff transmitted a notice which purported to terminate Ziari's rights under the License Agreement based on the purported defaults (the "Termination Notice").

45.    Ziari is not in default of any of its obligations as licensee under the License Agreement and has instead fully and properly performed all of its contractual obligations under the License Agreement, as amended.

46.    There is an actual and justiciable controversy between plaintiff and Ziari with respect to whether (i) the Modifications of the License Agreement are valid, (ii) Ziari is in

177497.1

default of its obligations as licensee, as stated in the Default Notice, and (iii) plaintiff has

properly terminated the License Agreement, as stated in the Termination Notice.

47.   Ziari has no adequate remedy at law.

**As and For a First Cross-Claim Against Defendants Nunziata and Metamorphosis**

48.  The Green Defendants incorporate by reference paragraphs 1 through 47 of this

Answer.

49. N&M were retained by one or more of the Green Defendants to act as their agents

by assisting Ziari in the exploitation of the Mark under the License Agreement by, *inter alia*,

manufacturing goods bearing the Mark and selling such goods to retailers.

50. As agents of one or more of the Green Defendants, N&M owe the Green

Defendants a contractual and common law duty of loyalty.

51. In breach and violation of such duty of loyalty, upon information and belief and

based upon the affidavit submitted by N&M in this action, in or about June 2007, N&M secretly

negotiated an agreement with plaintiff (the "New License") under which N&M would, for their

own account, manufacture and sell goods bearing the Mark (the "N&M Goods") and sell these

goods to the same customers that had done business with the Green Defendants.

52. Pursuant to this secret and corrupt bargain, upon information and belief, and

based upon the affidavit submitted by N&M in this action, N&M have manufactured

approximately $1.2 million worth of N&M Goods which they are selling to retailers for their

own account.

53. As a result of the wrongful conduct of N&M, the Green Defendants have been

damaged in an amount to be determined at trial.

177497.1

54. Moreover, the Green Defendants are entitled to the imposition of a constructive trust with respect to all sales proceeds and profits earned by N&M from the sale of the N&M Goods, which constitutes the unlawful misappropriation of a corporate opportunity rightfully belonging to the Green Defendants.

55. The foregoing conduct by N&M is an egregious breach of their duty of loyalty to the Green Defendants and warrants imposition of an award of punitive damages.

**As and For a Second Cross-Claim Against Defendants Nunziata and Metamorphosis**

56. The Green Defendants incorporate by reference paragraphs 1 through 55 of this Answer.

57. At all relevant times, N&M had actual knowledge that, under the License Agreement, Ziari had an exclusive license to utilize and exploit the Mark.

58. Nevertheless, upon information and belief, in the course of negotiating a secret and separate license for their own account with plaintiff, N&M encouraged and induced plaintiff to breach its License Agreement with Ziari and to grant the New License to N&M.

59. N&M acted without justification and with malicious disregard for the existing contractual rights of Ziari.

60. As a result, the Green Defendants have been damaged in an amount to be determined at trial.

61. The foregoing conduct by N&M was an egregious breach of their duty of loyalty to the Green Defendants and warrants imposition of an award of punitive damages.

10

177497.1

**As and For a Third Cross-Claim Against Additional**
**Counterclaim Defendants Ping Leung and Alex Chang**

62.  The Green Defendants incorporate by reference paragraphs 1 through 61 of this

Answer.

63. This Court has subject matter jurisdiction over this Cross-Claim pursuant to the

principles of supplemental jurisdiction as set forth in 28 U.S.C. §1367.

64. Additional Cross-Claim Defendants Leung and Chang are subject to the personal

jurisdiction of this Court because the Cross-Claim arises out of their transaction of business

within this State and constitutes the commission of tortious acts within this State under CPLR

301(a).

65. Upon information and belief, and based upon an affidavit filed by N&M in this

action, additional cross-claim defendants Leung and Chang are business partners of defendants

N&M.

66. At all relevant times, Leung and Chang had actual knowledge (i) that Ziari held

an exclusive license with respect to the Mark under the License Agreement and the

Modifications; and (ii) that N&M owed a contractual and fiduciary duty of loyalty to Ziari.

67.  Upon information and belief, Leung and Chang have nevertheless assisted, aided

and abetted, participated, conspired with and cooperated with N&M in obtaining of a New

License and manufacturing and selling the N&M Goods, in direct contravention of the exclusive

license granted to Ziari and the fiduciary and contractual duties of N&M.

68. The foregoing conduct by Leung and Chang constitutes (i) malicious tortious

interference with the contractual rights of Ziari under the License Agreement; and (ii) the

11

177497.1

wrongful inducement of a breach of fiduciary duty and contractual obligations owed by N&M to the Green Defendants.

### As and For a Fourth Cross-Claim Against Defendants Nunziata and Metamorphosis and Additional Cross-Claim Defendants Leung and Chang

69. The Green Defendants incorporate by reference paragraphs 1 through 68 of this Answer.

70.    Without the Green Defendants' authorization or consent, and having knowledge of Ziari's exclusive rights as licensee of the Mark under the License Agreement, in or about June 2007 N&M, Leung and Chan began to manufacture and to sell goods bearing the Mark to the consuming public and in direct competition with Ziari's sale of similar goods.

71.    These sales of the N&M Goods have caused and are likely to cause confusion, mistake and deception and are likely to deceive the public as to the origin of the N&M Goods and into believing that the N&M Goods are authorized and sold by Ziari, as the exclusive licensee of the Mark.

72.    This conduct by plaintiff violates Section 32 of the Lanham Act, 15 U.S.C. §1114, as well as Section 43 of the Lanham Act, 15 U.S.C. §1125.

73.    As a result, Ziari has suffered and will continue to suffer irreparable harm and injury; and has been damaged in an amount to be determined at trial.

### As and For a Fifth Cross-Claim Against N&M and Additional Crossclaim Defendants Ping Leung and Alex Chang

74. The Green Defendants incorporate by reference paragraphs 1 through 73 of this Answer.

12

177497.1

75.  At all relevant times, N&M and the Additional Crossclaim Defendants had actual knowledge that the Green Defendants had existing and prospective business relationships with various customers for the sale of goods bearing the Mark.

76. Through the conduct alleged above, N&M and the Additional Crossclaim Defendants have, intentionally and without justification, maliciously interfered with such existing and prospective business relationships.

77. As a result, the Green Defendants have been damaged in an amount to be determined at trial.

### As and For a Sixth Cross-Claim Against Additional Cross-Claim Defendant Daryl Maynard

78.  The Green Defendants incorporate by reference paragraphs 1 through 77 of this Answer.

79.  This Court has subject matter jurisdiction over this Cross-Claim pursuant to the grant of supplemental jurisdiction as set forth in 28 U.S.C. §1367. Additional Cross-Claim Defendant Maynard is subject to the personal jurisdiction of this Court because the Cross-Claim arises out of his transaction of business within this State and constitutes the commission of tortious acts within this State under CPLR 302(a).

80. Moreover, even though Maynard has filed and has pending a bankruptcy petition, the "automatic stay" under 11 U.S.C. §363 does not preclude assertion of this Cross-Claim because all of the acts giving rise to the cross-claim occurred after the filing of the bankruptcy petition.

81. During the relevant period, Maynard was employed by the Green Defendants as an agent involved in designing, sourcing, importing and selling goods bearing the Mark.

13

177497.1

82. As the Green Defendants' sales agent, Maynard owed to the Green Defendants a contractual and fiduciary duty of loyalty.

83. In breach and violation of his contractual and fiduciary obligations, and following the filing of his bankruptcy petition, Maynard has (i) conspired with and aided and abetted N&M and plaintiff in the wrongful acts described above, which are designed and calculated to deprive the Green Defendants of their legitimate contractual rights under the License Agreement and Modifications; (ii) attempted to interfere with the existing and prospective business relations of the Green Defendants; (iii) provided and utilized confidential and proprietary business information belonging to the Green Defendants; and (iv) deliberately disparaged and interfered with Ziari's contractual relationship with plaintiff.

84. As a result, the Green Defendants have been damaged in an amount to be determined at trial.

**WHEREFORE**, defendants demand judgment as follows:

a.      Dismissing the Complaint with prejudice;

b.      On their First Counterclaim against plaintiff, compensatory damages in an amount to be determined at trial, as well as an Order directing plaintiff to specifically perform its obligations under the License Agreement and Modifications;

c.      On their Second Counterclaim against plaintiff, compensatory damages in an amount to be determined at trial, as well as an Order prohibiting plaintiff from permitting any other person to use or exploit the Mark during the period of the License Agreement and preventing plaintiff from interfering with Ziari's exclusive use of the Mark;

14

177497.1

      d.      On their Third Counterclaim against plaintiff and additional counterclaim defendants Condi and Valentino, compensatory and punitive damages against plaintiff in amounts to be determined at trial;

      e.      On their Fourth Counterclaim against plaintiff, a judicial declaration that Ziari is not in default of any of its obligations under the License Agreement and that plaintiff's purported termination of the License Agreement is invalid;

      f.      On their First Cross-Claim against Nunziata and Metamorphosis, compensatory and punitive damages in amounts to be determined at trial, together with an Order prohibiting said defendants from manufacturing or selling any N&M Goods and directing said defendants to account to the Green Defendants for all sales and profits from such goods and imposition of a constructive trust for the benefit of Ziari on all sales and profits earned by said parties on the sale of products bearing the Mark;

      g.      On their Second Cross-Claim against N&M, compensatory and punitive damages in amounts to be determined at trial, together with imposition of a constructive trust for the benefit of Ziari on all sales and profits earned by said parties on the sale of products bearing the Mark, and prohibiting the sale of any N&M Goods;

      h.      On their Third Cross-Claim against Leung and Chang, compensatory damages in an amount to be determined at trial, together with imposition of a constructive trust for the benefit of Ziari on all sales and profits earned by said parties on the sale of products bearing the Mark;

      i.      On their Fourth Cross-Claim against N&M, Leung and Chang, compensatory damages in an amount to be determined at trial, together with an Order prohibiting

177497.1

said defendants from making any use of the Mark or interfering with Ziari's exclusive right to use the Mark;

        j.      On their Fifth Cross-Claim against N&M, Leung and Chang, compensatory damages in an amount to be determined at trial;

        j.      On their Sixth Cross-Claim against Maynard, compensatory damages in an amount to be determined at trial, as well as an Order prohibiting Maynard from making use of any confidential or proprietary information belonging to the Green Defendants; and

        k.      On all Causes of Action, reasonable attorneys fees, together with costs and disbursements and such other and further relief as to the Court may seem just and proper.

Dated:  New York, New York
           August 15, 2007

**HELLER, HOROWITZ & FEIT, P.C.**

By: _____
       Richard F. Horowitz (RH-6451)


By: _____
       Stuart A. Blander (SB-2510)

292 Madison Avenue
New York, New York 10017
(212) 685-7600
***Attorneys for Defendants***

16