UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FASHION WORLD, LTD.,

        Plaintiff,

        -against-

JEFF GREEN, ZIARI INTERNATIONAL, LTD.,
US MERCHANTS FINANCIAL GROUP, INC.,
THE MERCHANT OF TENNIS, INC., LISA
NUNZIATA and METAMORPHISIS, INC.,

        Defendants,

        -and-

DARRYL MAYNARD, PING LEUNG and ALEX CHANG,

        Additional Cross-Claim
        Defendants,

        -and-

BRUNO CONDI and FORTUNA VALENTINO,

        Additional Counterclaim
        Defendants.

------------------------------------------------------------------X

07-CV-6108 (PKC)

REPLY OF PLAINTIFF,
FASHION WORLD LTD.,
TO THE GREEN
DEFENDANTS'
<u>COUNTERCLAIMS</u>

        Plaintiff, Fashion World, Ltd. ("FW"), respectfully pleads as follows in Reply to the allegations contained in the Counterclaims interposed against FW by Defendants Jeff Green ("Green"), Ziari International, Ltd. ("Ziari"), U.S. Merchants Financial Group, Inc. ("USM") and The Merchant of Tennis ("Tennis") (collectively, the "Green Defendants") in their Answer dated August 15, 2007 (the "Green Answer"):

1. FW denies each and every allegation, express or implied, set forth in paragraph 16 of the Green Answer.

2. FW denies each and every allegation, express or implied, set forth in paragraph 17 of the Green Answer, and affirmatively states that Skip Rosenblatt ("Rosenblatt") was without any authorization to communicate an "agreement" to Green as alleged in paragraph 17 of the Green Answer.

3. FW denies each and every allegation, express or implied, set forth in paragraph 18 of the Green Answer.

4. FW denies each and every allegation, express or implied, set forth in paragraph 19 of the Green Answer and respectfully refers the Court to the provisions of Article 2.2 of the parties' License Agreement dated as of January 26, 2005 (the "License"), which states, in relevant part:

> **…Licensor reserves the right to use, and/or grant a license or sublicense to any third party to use the Trademark in the Territory during the term hereof in connection with the design, manufacture, advertising, promotion, marketing, sale or distribution of products in the categories included in Licensed Products to customers other than Authorized Channels of Distribution.**

5. FW denies each and every allegation, express or implied, set forth in paragraph 20 of the Green Answer.

6. FW denies each and every allegation, express or implied, set forth in paragraph 21 of the Green Answer.

7. In Reply to each of the Counterclaims, FW repeats, reiterates and incorporates herein by reference the allegations of its Complaint dated June 27, 2007 (the "Complaint").

## AS TO THE FIRST COUNTERCLAIM

8. FW denies the allegations set forth in paragraph 22 of the Green Answer, and respectfully refers the Court to the License for the terms, provisions, meaning and import thereof. A copy of the License is annexed to the Complaint as Exhibit A.

9. FW denies each and every allegation, express or implied, set forth in paragraph 23 of the Green Answer.

10. FW denies each and every allegation, express or implied, set forth in paragraph 24 of the Green Answer and in each and every sub-part (i) through (iv) thereof.

11. FW denies each and every allegation, express or implied, set forth in paragraph 25 of the Green Answer.

12. FW denies each and every allegation, express or implied, set forth in paragraph 26 of the Green Answer.

## AS TO THE SECOND COUNTERCLAIM

13. In Reply to the allegations set forth in paragraph 27 of the Green Answer, FW incorporates herein by reference each and every allegation contained in paragraphs 1 through 6 of this Reply to Counterclaims as if set forth herein at length.

14. FW denies the allegations set forth in paragraph 28 of the Green Answer, and respectfully refers the Court to the License for the terms, provisions, meaning and import thereof.

15. FW denies each and every allegation, express or implied, set forth in paragraph 29 of the Green Answer.

16. FW denies each and every allegation, express or implied, set forth in paragraph 30 of the Green Answer.

17. FW denies each and every allegation, express or implied, set forth in paragraph 31 of the Green Answer.

18. FW denies each and every allegation, express or implied, set forth in paragraph 32 of the Green Answer.

19. FW denies each and every allegation, express or implied, set forth in paragraph 33 of the Green Answer.

## AS TO THE THIRD COUNTERCLAIM

20. In Reply to the allegations set forth in paragraph 34 of the Green Answer FW incorporates herein by reference each and every allegation contained in paragraphs 1 through 13 of this Reply to Counterclaims as if set forth herein at length.

21. FW denies each and every allegation, express or implied, set forth in paragraph 35 of the Green Answer.

22. FW denies each and every allegation, express or implied, set forth in paragraph 36 of the Green Answer.

23. FW denies each and every allegation, express or implied, set forth in paragraph 37 of the Green Answer.

24. FW denies each and every allegation, express or implied, set forth in paragraph 38 of the Green Answer.

25. FW denies each and every allegation, express or implied, set forth in paragraph 39 of the Green Answer.

26. FW denies each and every allegation, express or implied, set forth in paragraph 40 of the Green Answer.

27.     FW denies each and every allegation, express or implied, set forth in paragraph 41 of the Green Answer.

## AS TO THE FOURTH COUNTERCLAIM

28.     In Reply to the allegations set forth in paragraph 42 of the Green Answer FW incorporates herein by reference each and every allegation contained in paragraphs 1 through 21 of this Reply to Counterclaims as if set forth herein at length.

29.     In Reply to the allegations set forth in paragraph 43 of the Green Answer, FW states that, by letter dated July 19, 2007 (the "Default Notice"), FW (a) demanded, in exercise of its rights pursuant to Article 5.1 of the License, access to Ziari's books and records relating to the computation of royalties due FW that it transmitted, and (b) provided to the Green Defendants Notice, pursuant to Article 12.2 of the License, if its intention to terminate the License in the absence of timely Cure of its enumerated defaults. As part of the July 19 Notice, FW identified thirteen (13) discreet breaches of the License on the part of Ziari falling within the following three (3) general categories: (i) intentional concealment of sales of licensed products, (ii) distribution and sale of unauthorized products and (iii) failure to remit royalties on reported sales. A copy of the Default Notice is annexed hereto and incorporated herein by reference as Exhibit J. In all other respects, FW denies the allegations, express or implied, set forth in paragraph 43 of the Complaint.

30.     In Reply to the Allegations set forth in paragraph 44 of the Green Answer, FW states that, by letter dated August 9, 2007 (the "Termination Notice"), FW duly notified the Green Defendants, among other things, that the License was terminated by reason of Ziari's failure to cure any of the defaults enumerated in the Default Notice. A

copy of the Termination Notice is annexed hereto and incorporated herein by reference as Exhibit K.

31.  FW denies each and every allegation, express or implied, set forth in paragraph 45 of the Green Answer.

32.  FW denies each and every allegation, express or implied, set forth in paragraph 46 of the Green Answer.

33.  FW denies each and every allegation, express or implied, set forth in paragraph 47 of the Green Answer.

## FIRST AFFIRMATIVE DEFENSE

34.  Contrary to the Green Defendants' averments, the License expressly provides, on its face, that it is non-exclusive and also sets forth all material terms of the parties' agreement, including the manner of computation of royalties due, the authorized channels of distribution for the licensed products, an all other obligations on the part of the Green Defendants.

35.  Accordingly, the First, Second, Third and Counterclaims, and each of them, fail to state any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

36.  The Green Defendants fail to set forth facts sufficient to support any claim for injunctive relief as against FW.

## THIRD AFFIRMATIVE DEFENSE

37.  The Green Defendants fail to set forth facts sufficient to support any claim for specific performance as against FW.

### FOURTH AFFIRMATIVE DEFENSE

38. To the extent necessitated by the demands for relief, the Green Defendants failed to set forth with requisite particularity the facts alleged to constitute the claimed wrongs on the part of FW.

### FIFTH AFFIRMATIVE DEFENSE

39. The Green Defendants fail to set forth facts sufficient to support any claim for declaratory relief as against FW.

WHEREFORE, plaintiff demands judgment in its favor and against the Green Defendants:

(a) dismissing the First, Second, Third and Fourth Counterclaims;

(b) striking the Affirmative Defenses as insufficient as a matter of law; and

(c) in all other respects, awarding FW the relief demanded in the Complaint.

Dated: New York, New York
       September 7, 2007

> BALLON STOLL BADER & NADLER, PC
> *Attorneys for Plaintiff*
>
> By: _____/s/_____
> Will Levins (0225)
> 1450 Broadway
> New York, New York 10018
> 212-575-7900