UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x       07-CV-6108
FASHION WORLD, LTD.,

        Plaintiff,

-against-

JEFF GREEN, ZIARI INTERNATIONAL LTD.,
US MERCHANTS FINANCIAL GROUP, INC.,
THE MERCHANT OF TENNIS, INC., LISA
NUNZIATA and METAMORPHOSIS, INC.,

        Defendants,
-and-

DARRYL MAYNARD, PING LEUNG and ALEX CHANG,

        Additional Cross-Claim
        Defendants,

-and-

BRUNO CONDI and FORTUNA VALENTINO,

        Additional Counterclaim
        Defendants.
------------------------------------------------------------x

## ANSWER TO GREEN DEFENDANTS' CROSS-CLAIMS

      Defendant, DARYL MAYNARD (improperly named herein as "DARRYL MAYNARD") (hereinafter "Defendant"), by and through its attorneys, Borges & Associates, LLC respectfully sets forth the following as its Answer:

      1.    Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in paragraphs 1 through 78 of the Answer, Counter-Claims, and Cross-Claims (hereinafter "Cross-claim").

      2.    Defendant denies knowledge and information sufficient to form a belief as to whether the Court has original jurisdiction and therefore whether it also has supplemental

jurisdiction under 28 U.S.C. 1367, and denies all other allegations contained in paragraph 79 of the Cross-claim.

    3.    Defendant denies the allegations contained in paragraph 80 of the Cross-claim and demands strict proof thereof.

    4.    Defendant denies the allegations contained in paragraph 81 of the Cross-claim and demands strict proof thereof.

    5.    Defendant denies the allegations contained in paragraph 82 of the Cross-claim and demands strict proof thereof.

    6.    Defendant denies the allegations contained in paragraph 83 of the Cross-claim and in all subparts (i) through (iv) therein, and demands strict proof thereof.

    7.    Defendant denies the allegations contained in paragraph 84 of the Cross-claim that asserts Defendant Green's entitlement to judgment against Defendant and demands strict proof thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

    8.    Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Cross-claim must be dismissed in that it fails to state a claim against Defendant upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

    9.    Pursuant to 11 U.S.C. § 362(a)(1), the Cross-claim must be dismissed in that it violates the automatic stay as there is presently pending a Chapter 7 bankruptcy proceeding filed by Defendant on March 9, 2007.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

10.     The Cross-claim must be dismissed because a virtually identical lawsuit is pending in the Superior Court of California, County of Los Angeles, which was filed on February 8, 2007 and is the subject of a pending motion to dismiss.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

11.     Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, the Cross-claim must be dismissed in that it is improperly brought against a person not necessary to the action. The original Complaint is based on an alleged breach of a licensing agreement between Plaintiff and the Green Defendants regarding their computation of royalties and allegedly concealed sales. Defendant is not a party to the licensing agreement, and the Cross-claim allegations do not arise from the transactions involving the alleged breach of the licensing agreement from the original complaint.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

12.     The Cross-claim against Defendant was brought maliciously in retaliation for Defendant's response to the July 2, 2007 subpoena from Plaintiff for the original complaint. On the advisement of his local counsel and with the consent of his bankruptcy Trustees, Defendant complied with requests for documentation regarding the sales history of the Green Defendants. After Defendant fully cooperated with the subpoena, the Green Defendants have now brought this malicious Cross-claim against him, intending to put further financial strain on Defendant in defending against these claims, and therefore this Cross-claim must be dismissed.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

13.     Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Cross-claim must be dismissed in that this Court lacks personal jurisdiction over the Defendant. Defendant did not: (i) transact business within New York State; (ii) commit a tortious act within

the State; or (iii) commit a tortious act without the State causing injury to persons or property within the State.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

14. Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the Cross-claim must be dismissed in that it fails to set forth with requisite particularity the facts or grounds on which the pleader is entitled to relief.

15. Defendant reserves the right to add such additional defenses as may appear from time to time from the proofs presented in this proceeding.

WHEREFORE, Defendant, DARYL MAYNARD, respectfully demands that the within Cross-claim be dismissed, that this Court award costs and fees to Defendant incurred in defending this proceeding, and that this Court grant to Defendant such other and further relief as may be just and proper.

Dated:   Syosset, NY
         October 9, 2007

Counsel for Defendant,
Daryl Maynard
 s/ Wanda Borges
Wanda Borges, Esq. (wb4904)
BORGES & ASSOCIATES, LLC
575 Underhill Blvd., Ste. 110
Syosset, NY  11791
(516) 677-8200 ext. 225

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Answer to Green Defendants' Cross-claims* was served upon the following parties electronically on this 9*th day of October, 2007*:

Stuart Blander, Esq.
Heller, Horowitz, and Feit, P.C.
292 Madison Avenue
New York, NY 10017
Attorney for the Green Defendants

Susan Schneiderman, Esq.
Vano Haroutunian, Esq.
Ballon Stoll Bader and Nadler, P.C.
1450 Broadway
New York, NY 11018
Attorneys for Plaintiff

Joseph Mattone, Jr., Esq.
Mattone, Megna, & Todd
134-01 29th Avenue
College Point, NY 11356
Attorney for Defendants Nunziata and Metamorphosis, Inc.


By: s/ Wanda Borges
      Wanda Borges