**Susan J. Walsh, Esq. (SW 9938)**
**Chaim Book, Esq. (CB 4652)**
**Moskowitz & Book, LLP**
1372 Broadway, Suite 1402
New York, New York 10018
(212) 221-7999

**Attorneys For Cross-Claim Defendants**
**Nunziata and Metamorphosis, Inc.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FASHION WORLD, LTD.,

                        Plaintiff,

- against –

JEFF GREEN, ZIARI INTERNATIONAL, Ltd.,
US MERCHANTS FINANCIAL GROUP, INC., THE
MERCHANT OF TENNIS, INC., LISA NUNZIATA
and METAMORPHOSIS, INC.,

                        Defendants.

and

DARRYL MAYNARD, PING LEUNG and ALEX
CHANG,

            Additional Cross-Claim Defendants,

and

Bruno Condi and Fortuna Valentino,

            Additional Counterclaim Defendants.

07 Civ. 6108 (PKC)

CROSS-CLAIM DEFENDANTS
NUNZIATA and
METAMORPHOSIS, INC.'S,
ANSWER TO CROSS-CLAIMS BY
GREEN DEFENDANTS

      Cross-Claim Defendants LISA NUNZIATA and METAMORPHOSIS, INC., by way of Answer to Defendants JEFF GREEN, ZIARI INTERNATIONAL, LTD. ("Ziari"), US MERCHANTS FINANCIAL GROUP, INC., THE MERCHANT OF TENNIS, INC. (collectively, the "Green Defendants") Cross-Claims, respond as follows:

1. No response is required to paragraphs 1 – 9 of the Green cross-claim because there are no factual allegations as against these cross-claim defendants. To the extent it is determined that there are factual allegations that pertain to these cross-claim defendants, cross-claim defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 – 9 of the Green cross-claim.

2. Deny the allegations contained in paragraph 10 of the Green cross-claim.

3. No response is required to paragraphs 11 – 15 of the Green cross-claim because there are no factual allegations against these cross-claim defendants. To the extent that it is determined that there are factual allegations as against these cross-claim defendants, cross-claim defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 11 through 15 of the Green cross-claim.

4. No response is required to paragraphs 16 – 28 because there are no factual allegations against these cross-claim defendants. To the extent it is determined that there are factual allegations that pertain to these cross-claim defendants, cross-claim defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 16 – 28 of the Green cross-claim.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations as alleged in paragraph 29 of the Green cross-claim except cross-claim defendants admit they were issued a license agreement.

6. Admit having lawfully manufactured, distributed and/or sold goods bearing the Mark, but deny having sufficient knowledge or information to admit or deny additional allegations in paragraph 30 of the Green cross-claim.

7. Deny the allegations contained in paragraphs 31 -33 of the Green cross-claim.

8. In response to paragraph 34 of the Green cross-claim, cross-claim defendants incorporate by reference paragraphs 1 – 8 of this answer.

9. No response is necessary to the allegations of paragraph 35 which contain no factual allegations against cross-claim defendants and call for legal conclusions. To the extent it is determined that there are factual allegations that pertain to these cross-claim defendants, cross-claim defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraph 35 of the Green cross-claim.

10. No response is required to paragraphs 36 - 37 of the Green cross-claim because there are no factual allegations as against these cross-claim defendants. To the extent it is determined that there are factual allegations that pertain to these cross-claim defendants, cross-claim defendants deny the truth of the allegations contained in paragraphs 36 -37 of the Green cross-claim.

11. No response is required to paragraphs 38 – 39 of the Green cross-claim because there are no factual allegations as against these cross-claim defendants. To the extent it is determined that there are factual allegations that pertain to these cross-claim defendants, cross-claim defendants deny the truth of the allegations contained in paragraphs 38 -39 of the Green cross-claim.

12. No response is required to paragraphs 40 – 41of the Green cross-claim because there are no factual allegations as against these cross-claim defendants. To the extent it is determined that there are factual allegations that pertain to these cross-claim defendants, cross-claim defendants deny the truth of the allegations contained in paragraphs 40 – 41 of the Green cross-claim.

13. No response is required to paragraphs 42 – 47 because there are no factual allegations as against these cross-claim defendants. To the extent it is determined that there are

factual allegations that pertain to these cross-claim defendants, cross-claim defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 42 – 47 of the Green cross-claim.

14. In response to paragraph 48 of the Green cross-claim, cross-claim defendants incorporate by reference paragraphs 1 – 14 of this answer.

15. Deny the allegations in paragraph 49 of the Green cross-claim, except admit cross-claim defendants agreed, for a period, to manufacture and sell goods bearing the Mark.

16. No response is required to the allegations contained in paragraph 50 of the Green cross-claim because the allegations assert a conclusion of law. To the extent that there are factual allegations in paragraph 50 of the cross-claim, deny the allegations in paragraph 50 of the Green cross-claim.

17. Deny the allegations in paragraph 51 of the Green cross-claim except admit they entered into an agreement with Plaintiff and respectfully refer the Court to the License Agreement for its terms.

18. Deny the allegations in paragraph 52 of the Green cross-claim except admit cross-claim defendants have manufactured goods.

19. Deny the allegations in paragraphs 53, 54 and 55 of the Green cross-claim.

20. In response to paragraph 56 of the Green cross-claim, defendants incorporate by reference paragraphs 1 – 19 of this answer.

21. Deny the allegations contained in paragraphs 57 – 61 of the Green cross-claim.

4

22. No response is required to paragraphs 62 - 68 of the Green cross-claim because there are no factual allegations as against these cross-claim defendants. To the extent it is determined that there are factual allegations that pertain to these cross-claim defendants, deny the truth of the allegations contained in paragraphs 62 -68 of the Green cross-claim.

23. In response to paragraph 69 of the Green cross-claim, cross-claim defendants incorporate by reference paragraphs 1 – 22 of this answer.

24. Deny the truth of the allegations contained in paragraphs 70 through 73 of the Green cross-claim, except admit that cross-claim defendants manufactured and sold goods bearing the Mark.

25. In response to paragraph 74 of the Green cross-claim, cross-claim defendants incorporate by reference paragraphs 1 – 24 of this answer.

26. Deny the truth of the allegations in paragraphs 75 – 77 of the Green cross-claim

27. No response is required to paragraphs 78 - 84 of the Green cross-claim because there are no factual allegations as against these cross-claim defendants. To the extent it is determined that there are factual allegations that pertain to these cross-claim defendants, cross-claim defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 78 – 84.

28. No response is required to paragraphs a – e immediately following the WHEREFORE clause because there are no factual allegations as against these cross-claim defendants. To the extent it is determined that there are factual allegations that pertain to these cross-claim defendants, cross-claim defendants deny that defendant is entitled to any of the relief demanded in the WHEREFORE clause of the Complaint.

29. Deny that defendant is entitled to any of the relief demanded in the WHEREFRORE clause of the Complaint, paragraphs f – k.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Green Cross-Claims fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Green Defendants' cross-claims are barred because the Green Defendants cannot prove that cross-claim defendants owed any contractual or other duty to the Green defendants.

### Third Affirmative Defense

The Green Defendant's cross-claims are barred, in whole or in part, in that the Green Defendants have not suffered any damages.

### Fourth Affirmative Defense

The Green Defendants are not entitled to the damages and other relief they seeks in the cross-claim.

### Fifth Affirmative Defense

The Green Defendants are not entitled to the relief they seeks because of the doctrines of waiver and estoppel.

### Sixth Affirmative Defense

The Green Defendants have sustained no damages, losses or injuries as a result of any act or failure to act on the part of cross-claim defendants.

### Seventh Affirmative Defense

The Green Defendants come to this Court with unclean hands.

### Eight Affirmative Defense

The Green Defendants failed to mitigate damages.

**Ninth Affirmative Defense**

Cross-Claim Defendants have not acted in bad faith.

**Tenth Affirmative Defense.**

The Green Defendants are barred from relief based on the Statute of Frauds.

WHEREFORE, cross-claim defendants, Nunziata and Metamorphosis, Inc. respectfully request that the Court dismiss the Green cross-claims with prejudice, and grant cross-claim defendants costs, attorneys fees and other relief the Court deems equitable and just.

Dated:   New York, New York
         October 31, 2007

MOSKOWITZ & BOOK LLP

By: _____
    Susan J. Walsh (SW 9938)

1372 Broadway, 14th Floor
New York, New York 10018-6106
(212) 221-7999

Attorneys for Defendants
Nunziata and Metamorphosis, Inc.,