UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FASHION WORLD, LTD.,

                **Plaintiff,**

            -against-

JEFF GREEN, ZIARI INTERNATIONAL, LTD.,
US MERCHANTS FINANCIAL GROUP, INC.,
THE MERCHANT OF TENNIS, INC., LISA
NUNZIATA and METAMORPHISIS, INC.,

                **Defendants,**

            -and-

DARRYL MAYNARD, PING LEUNG and ALEX CHANG,

                **Additional Cross-Claim
                Defendants,**

            -and-

BRUNO CONDI and FORTUNA VALENTINO,

                **Additional Counterclaim
                Defendants.**

------------------------------------------------------------------X

07-CV-6108 (PKC)

REPLY OF COUNTER-
CLAIM DEFENDANTS
BRUNO CONDI AND
FORTUNA VALENTINO
TO THE THIRD
COUNTERCLAIM SET
FORTH IN THE GREEN
DEFENDANTS' ANSWER

      Counterclaim Defendants Bruno Condi ("Condi") and Fortuna Valentino ("Valentino"), by their attorneys, Ballon Stoll Bader & Nadler, P.C., appear herein and respectfully plead as follows in Reply to the allegations contained in the Counterclaim interposed against Condi and Valentino by Defendants Jeff Green ("Green"), Ziari International, Ltd. ("Ziari"), U.S. Merchants Financial Group, Inc. ("USM") and The Merchant of Tennis ("Tennis") (collectively, the "Green Defendants") in their Answer dated August 15, 2007 (the "Green Answer"), denominated as the Third Counterclaim:

REPLY TO THE THIRD COUNTERCLAIM

Reply to the Incorporated Paragraphs 1 through 21

1. In Reply to the incorporated allegations contained in paragraphs 1 through 15 of the Green Answer, Condi and Valentino incorporate herein by reference the allegations of FW's Complaint dated June 27, 2007 (the "Complaint").

2. Valentino is without personal knowledge sufficient to form a belief as to the truth to the matters set forth in paragraphs 16 through 21 of the Green Answer. Valentino adopts the below averments of Counterclaim Defendant Condi, based upon information and belief.

3. Condi denies each and every allegation, express or implied, set forth in paragraph 16 of the Green Answer.

4. Condi denies each and every allegation, express or implied, set forth in paragraph 17 of the Green Answer, and affirmatively states that Skip Rosenblatt ("Rosenblatt") was without any authorization to communicate an "agreement" to Green, as alleged in paragraph 17 of the Green Answer.

5. Condi denies each and every allegation, express or implied, set forth in paragraph 18 of the Green Answer.

6. Condi denies each and every allegation, express or implied, set forth in paragraph 19 of the Green Answer and respectfully refers the Court to the provisions of Article 2.2 of the License Agreement between Fashion World, Ltd. ("FW") and Ziari, dated as of January 26, 2005 (the "License"), which states, in relevant part:

> **…Licensor reserves the right to use, and/or grant a license or sublicense to any third party to use the Trademark in the Territory during the term hereof in connection with the design, manufacture, advertising, promotion, marketing, sale or**

> **distribution of products in the categories included in Licensed Products to customers other than Authorized Channels of Distribution.**

7. Condi denies each and every allegation, express or implied, set forth in paragraph 20 of the Green Answer.

8. Condi denies each and every allegation, express or implied, set forth in paragraph 21 of the Green Answer.

<u>Reply to the Incorporated Paragraphs 22 through 33</u>

9. Valentino is without personal knowledge sufficient to form a belief as to the truth to the matters set forth in paragraphs 22 through 32 of the Green Answer. Valentino adopts the below averments of Counterclaim Defendant Condi, based upon information and belief.

10. Condi denies the allegations set forth in paragraph 22 of the Green Answer, and respectfully refers the Court to the License for the terms, provisions, meaning and import thereof.  A copy of the License is annexed to the Complaint as Exhibit A.

11. Condi denies each and every allegation, express or implied, set forth in paragraph 23 of the Green Answer.

12. Condi denies each and every allegation, express or implied, set forth in paragraph 24 of the Green Answer and in each and every sub-part (i) through (iv) thereof.

13. Condi denies each and every allegation, express or implied, set forth in paragraph 25 of the Green Answer.

14. Condi denies each and every allegation, express or implied, set forth in paragraph 26 of the Green Answer.

15. In Reply to the allegations contained in paragraph 27 of the Green Answer, Condi and Valentino incorporate herein by reference each and every allegation contained in paragraphs 1 through 14 of this Reply to Counterclaims as if set forth herein at length.

16. Condi denies the allegations set forth in paragraph 28 of the Green Answer, and respectfully refers the Court to the License for the terms, provisions, meaning and import thereof.

17. Condi denies each and every allegation, express or implied, set forth in paragraph 29 of the Green Answer.

18. Condi denies each and every allegation, express or implied, set forth in paragraph 30 of the Green Answer.

19. Condi denies each and every allegation, express or implied, set forth in paragraph 31 of the Green Answer.

20. Condi denies each and every allegation, express or implied, set forth in paragraph 32 of the Green Answer.

21. Condi denies each and every allegation, express or implied, set forth in paragraph 33 of the Green Answer.

<u>Reply to Paragraphs 34 through 41</u>

22. In reply to the allegations contained in paragraph 34 of the Green Answer, Condi and Valentino incorporate herein by reference each and every allegation contained in paragraphs 1 through 21 of this Reply to Counterclaim as if set forth herein at length.

23. Condi and Valentino deny each and every allegation, express or implied, set forth in paragraph 35 of the Green Answer.

24. Condi and Valentino deny each and every allegation, express or implied, set forth in paragraph 36 of the Green Answer.

25. Condi and Valentino deny each and every allegation, express or implied, set forth in paragraph 37 of the Green Answer.

26. Condi and Valentino deny each and every allegation, express or implied, set forth in paragraph 38 of the Green Answer.

27. Condi and Valentino deny each and every allegation, express or implied, set forth in paragraph 39 of the Green Answer.

28. Condi and Valentino deny each and every allegation, express or implied, set forth in paragraph 40 of the Green Answer.

29. Condi and Valentino deny each and every allegation, express or implied, set forth in paragraph 41 of the Green Answer.

FIRST AFFIRMATIVE DEFENSE

30. The Third Counterclaim fails to state any claim upon which relief may be granted against Condi or Valentino, since the License expressly provides, on its face, that it is non-exclusive.

SECOND AFFIRMATIVE DEFENSE

31. The Third Counterclaim fails to state any claim upon which relief may be granted against Condi or Valentino by virtue of the provisions of Article 2.2 of the License..

### THIRD AFFIRMATIVE DEFENSE

32.     Valentino is not and has never been an officer, director, shareholder or employee of FW.

33.     Valentino did not participate in the negotiation of the License.

34.     Valentino did not enter into any agreement Lisa Nunziata or Metamorphisis, Inc.

35.     The Third Counterclaim therefore fails to state any claim against Valentino upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

36.     The Green Defendants failed to set forth with requisite particularity the facts alleged to constitute the claimed wrongs on the part of Condi or Valentino.

### FIFTH AFFIRMATIVE DEFENSE

37.     The Green Defendants did not suffer any damages by reason of any actions on the part of Condi or Valentino.

### SIXTH AFFIRMATIVE DEFENSE

38.     If the Green Defendants were damaged, those damages resulted solely from the Green Defendants' breaches of contract and failure to satisfy their obligations to FW.

### SEVENTH AFFIRMATIVE DEFENSE

39.     If the Green Defendants were damaged, those damages resulted solely from the actions of persons over whom neither Condi nor Valentino exercise any degree of control.

WHEREFORE, Counterclaim Defendants Condi and Valentino demand judgment in their favor and against the Green Defendants:

(a) dismissing the Third Counterclaim as against them; and

(b) awarding to Condi and Valentino their costs and attorneys fees incurred in defending the Third Counterclaim.

Dated:  New York, New York
       November 28, 2007

    BALLON STOLL BADER & NADLER, PC
    *Attorneys for Plaintiff*

    By: _____
        Susan Schneiderman (SS-9840)
    1450 Broadway
    New York, New York 10018
    212-575-7900
    sschneiderman@ballonstoll.com