179004.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   07-CV-6108
FASHION WORLD, LTD.,

       Plaintiff,

   -against-

JEFF GREEN, ZIARI INTERNATIONAL, LTD.,
US MERCHANTS FINANCIAL GROUP, INC.,
THE MERCHANT OF TENNIS, INC., LISA
NUNZIATA and METAMORPHOSIS, INC.,

       Defendants,

   -and-

DARRYL MAYNARD, PING LEUNG and ALEX CHANG,

       Additional Cross-Claim Defendants,

   -and-

BRUNO CONDI and FORTUNA VALENTINO,

       Additional Counterclaim Defendants.
-----------------------------------------------------------X
FASHION WORLD, LTD.,

       Plaintiff/Counterclaim-Defendant/Third-Party Plaintiff,
   -and-

BRUNO CONDI and FORTUNA VALENDINO,

       Counterclaim-Defendants/Third-Party Plaintiffs,

   -against-

JUSTIN L. ROSENBLATT, JR., a/k/a SKIP
ROSENBLATT and ROSENBLATT, INC.,

       Third-Party Defendants.
-----------------------------------------------------------X

ANSWER OF "THE
ROSENBLATT" THIRD-
PARTY DEFENDANTS

JURY TRIAL
DEMANDED

1

179004.1

Third-Party Defendants Justin L. Rosenblatt, Jr., a/k/a Skip Rosenblatt and Rosenblatt, Inc., (collectively, the "Rosenblatt Defendants"), as and for their Answer to the Third-Party Complaint of Third-Party Plaintiffs Fashion World, Ltd., Bruno Condi and Fortuna Valentino, state as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 1 and 2 of the Third-Party Complaint.

2. Admit the allegations in paragraphs 3, 4, 5, 7, 9 and 10 of the Third-Party Complaint.

3. In response to paragraph 6 of the Third-Party Complaint, admit that Skip and Condi had periodic conversations during this period of time concerning the subject matter, but specifically deny that Skip ever "offered" to "represent" Condi or Fashion World by providing "brand management" or other business services.

4. Deny the allegations in paragraph 8 of the Third-Party Complaint, except admit that in or around late 2004, Skip told Condi that Ziari was actively seeking licenses for additional brands to add to its portfolio; and that the Rosenblatt Defendants became Fashion World's agent with respect to the Licensee granted to Ziari.

5. Deny the allegations in paragraph 11 of the Third-Party Complaint, except admit that Condi asked Skip to speak to Green about providing timely sales information.

6. Deny the allegations in paragraph 13 of the Third-Party Complaint, except admit that Condi, Green and Skip met in Los Angeles in March 2006; and that at this meeting, Condi reaffirmed the previously authorized modifications to the Licensee Agreement.

7. Deny the allegations in paragraph 21 of the Third-Party Complaint.

179004.1

8. In response to the allegations in paragraphs 12, 14 and 22 of the Third-Party Complaint, respectfully refer the Court to the emails, but deny that such emails evidence the factual propositions and conclusions alleged.

9. In response to the allegations in paragraphs 15 and 16 of the Third-Party Complaint, state that such royalty payments and solicitations of orders and sales by Ziari were pursuant to and in accord with the Modification of the Original License Agreement.

10. In response to the allegations in paragraphs 17, 18 and 19 of the Third-Party Complaint, respectfully refer to the parties' pleadings.

11. In response to the allegations in paragraph 20 of the Third-Party Complaint, respectfully refer to the Declaration, and deny that it is false in any respect.

12. While no response is required with respect to paragraphs 23, 24, 25 and 26 of the Third-Party Complaint, which contain assertions of law, deny that the Rosenblatt Defendants violated any of their legal obligations to third-party plaintiffs.

13. Deny the allegations in paragraphs 27, 28, 30, 32, 33, 35, 37, 38, 39, 41, 42, 43 and 44 of the Third-Party Complaint.

### As and For a First Affirmative Defense

14. Third-Party Plaintiffs have materially breached and repudiated their obligations to the Rosenblatt Defendants.

### As and For a Second Affirmative Defense

15. Third-Party Plaintiffs are barred from obtaining any equitable relief by virtue of their fraudulent conduct and their unclean hands.

179004.1

### As and For a Third Affirmative Defense

16. Third-Party Plaintiffs have waived and are estopped from seeking the relief requested in their Third-Party Complaint.

### As and For a Fourth Affirmative Defense

17. The Rosenblatt Defendants accurately communicated to the Green Defendants all information provided by the Third-Party Plaintiffs relating to the subject License Agreement.

### As and For a First Counterclaim Against Third-Party Plaintiffs

18. The Rosenblatt Defendants incorporate by reference paragraphs 1 through 17 of this Answer.

19. To the extent that the Rosenblatt Defendants are the agents of Fashion World, the Rosenblatt Defendants are entitled to a commission equal to ten percent of the subject sales.

20. To the extent such commission has not been paid, the Rosenblatt Defendants are entitled to recover said sums from the Third-Party Plaintiffs.

**WHEREFORE**, the Rosenblatt Defendants demand judgment as follows:

    a.    Dismissing the Third-Party Complaint with prejudice;

    b.    On their First Counterclaim against third-party plaintiffs, compensatory damages in an amount to be determined at trial

179004.1

      c.      Reasonable attorneys fees, together with costs and disbursements and such other and further relief as to the Court may seem just and proper.

Dated: New York, New York  
       December 28, 2007

THE **ABRAMSON LAW GROUP, PLLC**

By: _____

Mitchell Shenkman (MS-4493)  
570 Lexington Avenue  
New York, New York 10022  
(212) 686-4401  
*Attorneys for Third-Party Defendants*  
*Justin L. Rosenblatt and Rosenblatt, Inc.*