(179098.2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X     07-CV-6108
FASHION WORLD, LTD.,

        Plaintiff,

    -against-

JEFF GREEN, ZIARI INTERNATIONAL, LTD.,    GREEN DEFENDANTS'
US MERCHANTS FINANCIAL GROUP, INC.,    REQUEST FOR
THE MERCHANT OF TENNIS, INC., LISA    PRODUCTION OF
NUNZIATA and METAMORPHOSIS, INC.,    <u>DOCUMENTS</u>

        Defendants,

    -and-

DARRYL MAYNARD, PING LEUNG and ALEX CHANG,

        Additional Cross-Claim Defendants,

    -and-

BRUNO CONDI and FORTUNA VALENTINO,

        Additional Counterclaim Defendants.
-------------------------------------------------------------X
FASHION WORLD, LTD.,

        Plaintiff/Counterclaim-Defendant/Third-Party Plaintiff,
    -and-

BRUNO CONDI and FORTUNA VALENDINO,

        Counterclaim-Defendants/Third-Party Plaintiffs,

    -against-

JUSTIN L. ROSENBLATT, JR., a/k/a SKIP
ROSENBLATT and ROSENBLATT, INC.,

        Third-Party Defendants.
-------------------------------------------------------------X

(179098.2)

Defendants, Jeff Green, Ziari International Ltd., US Merchants Financial Group Inc. and the Merchant of Tennis, Inc (collectively, the "Green Defendants") by their attorneys Heller, Horowitz & Feit, P.C., and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby demand that plaintiff Fashion World Ltd. and counterclaim defendants Bruno Condi and Fortuna Valentino (collectively, "Fashion World"), defendants Lisa Nunziata and Metamorphosis, Inc. (collectively, "Nunziata"), third-party defendants Justin L. Rosenblatt, Jr. and Rosenblatt, Inc. (collectively, "Rosenblatt"), and counterclaim defendant Darryl Maynard ("Maynard") produce for inspection and copying the documents specified below in the possession, custody or control of the respective parties. Said inspection shall be held at the offices of Heller Horowitz & Feit, P.C. within thirty days of service of this Request. The Green Defendants reserve the right to supplement this Request. Reference is made to the Local Civil Rules of the United States District Court for the Southern District of New York, and in particular, Rules 26.2 and 26.3, which are incorporated by reference herein. This Request shall be deemed to be continuing and accordingly must be supplemented to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

### Documents Requested

1. All documents, including all correspondence and emails, relating to or constituting communications between or among Nunziata, Fashion World, Maynard, Rosenblatt and the Green Defendants with respect to (i) the marketing, sale or distribution of products bearing the trademark "F by Fortuna Valentino" (the "Mark") or (ii) the January 26, 2005 License Agreement between Ziari and Fashion World (the "License Agreement").

2. All documents, including all contracts, letters of intent, memoranda or other agreements, relating to understandings or agreements between or among Nunziata, Maynard and

(179098.2

Fashion World, with respect to the Mark, including all documents reflecting negotiations between Nunziata and Fashion World with respect to the sale and distribution by Nunziata of goods bearing the Mark.

3. All documents reflecting the sale of goods bearing the Mark by Nunziata, as well as all documents reflecting the profit earned by Nunziata on the sale of such goods.

4. All documents relating to or reflecting the sale of goods bearing the Mark by Nunziata on behalf of the Green Defendants, as well as documents reflecting commissions paid by the Green Defendants to Nunziata and commissions allegedly owed by the Green Defendants to Nunziata.

5. All documents, including handwritten notes, emails and memoranda, reflecting telephone or face to face conversations relating to the Mark or the License Agreement between and among Fashion World, Nunziata, Rosenblatt, Maynard and the Green Defendants, including conversations relating to complaints or dissatisfaction by Fashion World as to the Green Defendants' performance under the License Agreement and any requests for modification or waiver of the provisions of the License Agreement.

6. All documents reflecting monies allegedly owed to Fashion World by the Green Defendants for royalties under the License Agreement.

7. All documents relating to the retention by the Green Defendants of Nunziata and Maynard with respect to the Green Defendants' sale of goods bearing the Mark, and the performance by Nunziata and Maynard of their duties under such retention.

8. All documents reflecting attempts by Fashion World to advertise or promote the Mark.

9. All documents constituting or relating to correspondence or other communications (including email) between Nunziata, on the one hand, and Ping Leung and/or Alex Chang

(179098.2

(or any entity controlled or operated by these individuals), on the other hand, relating to the manufacture, distribution and sale of goods bearing the Mark.

10. All documents constituting or relating to agreements or understandings between Nunziata, on the one hand and Ping Leung and/or Alex Chang (or any entity controlled or operated by these individuals), on the other hand, concerning the manufacture and distribution of the goods bearing the Mark.

11. All financial statements of Fashion World for the period from 2005 through the present.

12. All desk books, calendars diaries or other documents reflecting meetings held by any of the parties relating to the Mark or the License Agreement or the sale and distribution of goods bearing the Mark.

13. All documents reflecting the transfers of funds relating to the sale and distribution of goods bearing the Mark, or any royalties payable with respect to the sale of such goods, between and among Maynard, Nunziata and Fashion World.

14. All documents reflecting any termination by Nunziata of her relationship with the Green Defendants.

15. All royalty reports, sales reports, or other statements received by Fashion World from the Green Defendants with respect to the Green Defendants' sale of goods bearing the Mark.

16. All documents reflecting any "confusion" in the marketplace as to the Mark, as alleged in Fashion World's Complaint.

17. All documents reflecting or establishing that the Mark is "highly distinctive" as alleged in Fashion World's Complaint.

Dated:        New York, New York
              February _____, 2008

˘ 5 ˘

(#179098 V2 - FASHION WORLD V. ZIARI INITIAL DISCLOSURE)

**HELLER, HOROWITZ & FEIT, P.C.**


By: _____
    Stuart A. Blander (SB-2510)
*Attorneys for the Green Defendants*
292 Madison Avenue
New York, New York 10017
(212) 685-7600
Fax: (212) 696-9459